# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5479 | **DATE** | 1/3/2005 |
| **CASE TITLE** | Sam Gordon vs. Dean Buntrock | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion, plaintiff's motion to remand is granted and defendants' motion to dismiss is denied. This matter is hereby ordered remanded back to the Circuit Court of Cook County. All pending dates and motions pending in this Court are hereby stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JAN X 4 2005 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SAM GORDON, on behalf of himself )
and all others similarly situated, )
)
)
Plaintiff, )
)
v. ) No. 04 C 5479
)
)
DEAN L. BUNTROCK, PHILIP B. )
ROONEY, JAMES E. KOENIG, )
JOHN D. SANFORD, THOMAS C. HAU, )
WASTE MANAGEMENT, INC., and )
ARTHUR ANDERSEN, LLP, )
)
Defendants. )

DOCKETED
JAN - 4 '05

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion to remand and on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to remand and deny the motion to dismiss.

## BACKGROUND

On December 22, 1999, Plaintiff filed an action in the Circuit Court of Cook county on behalf of himself and similarly situated individuals who allegedly were

1

fraudulently induced to hold stock in Defendant Waste Management, Inc. ("Waste"). The fraud claim is based upon alleged financial misrepresentations by Waste and its auditor Defendant Arthur Anderson ("Anderson") between November of 1994 and February of 1998. In January of 2000, Defendants removed the action to federal court and contended that the court had subject matter jurisdiction because their claims are based upon the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA"). On April 28, 2000, the presiding judge, Judge Holderman, granted Plaintiff's motion to remand. Judge Holderman found that Plaintiff clearly indicated that his claims were not based upon injuries that resulted from the purchase or sale of securities. Judge Holderman noted that Plaintiff alleged that the misrepresentations that induced him to hold his stock occurred after November 3, 2004, and since Plaintiff's claims were not based upon alleged misconduct prior to November of 2004, Judge Holderman concluded that the claims were not claims based upon a misrepresentation made "in connection with" the purchase of securities. The parties have continued to litigate this action for four years in state court. Plaintiff contends that discovery has been conducted in the state action and the presiding judge in the state court has made rulings on motions to dismiss and on a summary judgment motion. In July of 2004, the state court judge gave leave to Plaintiff to file a second amended complaint. On August 19, 2004, Plaintiff filed a notice of removal to attempt to remove this action back to federal court.

## LEGAL STANDARD

A party may file a motion to remand a case for improper removal based on lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubt regarding jurisdiction should be resolved in favor of remanding to the state. *Id.* An action may only be removed to federal court if the federal court has original jurisdiction and the case could thus have been originally brought in federal court. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)(stating that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

## DISCUSSION

In the most recent notice of removal filed by Defendants, Defendants contend that this court has jurisdiction under SLUSA. The SLUSA provides in part the following:

> (f) Limitations on remedies
> (1) Class action limitations
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

3

> (2) Removal of covered class actions
> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1). . . .

15 U.S.C. § 78bb(f). Defendants assert that Judge Holderman erred in remanding this action in regards to the prior failed removal effort. Defendants lecture this court that Northern District Court decisions are not controlling precedent and inform the court that such decisions "cannot be treated as authoritative on issues of law." Defendants argue that, although Judge Holderman's ruling "is entitled to respect," the ruling is an erroneous finding that does not warrant a true consideration by this court. However, Defendants would do well to review the law regarding the value of precedent. We note that, although Defendants are eager to point out the lack of persuasive value of Northern District Court precedent, Defendants repeatedly cite, in support of their positions, rulings from the Eighth Circuit Court of Appeals, Second Circuit Court of Appeals, Southern District of New York, District of Delaware, and various other jurisdictions which are not controlling precedent. Defendants even rely on the Restatement of Torts which is nothing more than a treatise and a secondary source. Defendants specifically contend in their answer to the motion to remand that we cannot follow Judge Holderman's decision because other courts "have squarely rejected the view" that was adopted by Judge Holderman. (W. Ans. 3). However, the "other courts" that Defendants refer to and cite thereafter are the Eighth Circuit Court of Appeals and the District of Delaware neither of which issues

controlling precedent for this Circuit. Thus, Defendants' argument that "these courts have rejected Judge Holderman's reasoning" is not dispositive in the action before us.

Defendants also argue extensively that "Plaintiff's effort to avoid *Professional Management*, 335 F.2d 800 [sic] is similarly unavailing." (W Ans. 10). However, *Professional Management Associates, Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800, 802 (8th Cir. 2003) is an Eighth Circuit case and thus, Plaintiff is not required to "avoid" the holding in that case to succeed in Seventh Circuit.

Defendants also argue that the Seventh Circuit will be addressing the issue of the scope of removal and preemption under the SLUSA in *Kircher v. Putnam Funds Trust* and Defendants apparently anticipate a favorable ruling in that action. However, Defendants acknowledge in their answer to the motion to remand that the issue has yet to be decided by the Seventh Circuit and the arguments have not occurred yet. Thus, Defendants should also understand that a potential future ruling in the Seventh Circuit is not controlling precedent either.

Regardless of whether Judge Holderman's ruling is controlling, we completely agree with Judge Holderman's ruling. The ruling was correct and in accordance with the appropriate law and that the reasoning behind the ruling is still applicable in the instant action. Plaintiff's amended complaint did not make alterations that would alter the jurisdictional situation. Defendants clearly viewed

the filing of the second amended complaint as another opportunity to stall the state court proceedings once more. Defendants have abused the removal process and wasted the resources of the federal courts yet again and they will now have to face a final resolution in state court. Defendants' eleventh hour desperation move has failed. The removal process is made available for individuals who are being sued in actions that have a legitimate basis to be in federal court. However, there are those, such as Defendants, that attempt to abuse the removal process, by viewing it as nothing more than a strategical move designed to inhibit the progress of a state proceeding and forestall a prospective judgment against them in state court.

We also note that we need not even address the issue of subject matter jurisdiction because Plaintiff argues that the removal was untimely. Plaintiff in his motion for remand argued that his second amended complaint did not alter the nature of his action and that Defendants were not entitled to remove this action to federal court once again. In Plaintiff's reply brief, Plaintiff clarified his position by indicating that he, in part, sought a remand based upon 28 U.S.C. § 1446(b) which would bar Defendants from seeking a second removal unless the second amended complaint altered the nature of the action. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982)(indicating that the exception to 28 U.S.C. § 1446(b) is when "the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'"). Defendants argue that Plaintiff's objection is not timely, because

it was not raised within thirty days of the removal in accordance with 28 U.S.C. § 1447(c). Although Plaintiff did not specifically cite 28 U.S.C. § 1446(b) in his motion to remand, it was clear that the objection was at least one basis for his position. For example, in his memorandum in support of his motion to remand, Plaintiff specifically challenges Defendants' contention that Plaintiff's second amended complaint resulted in "changes to the nature of and theory of this Action. . . ." (Remand Mem. 6). Plaintiff also specifically pointed out in his memorandum in support of his motion to remand that "Defendant does not, however, identify what portions of the Second Amended Complaint constitute new allegations or changes to the nature and theory of this action as originally alleged." (Remand Mem. 6).

Defendants complain that Plaintiff failed to clarify his legal position until he filed his reply brief. However, any prejudice to Defendants is of no moment because we granted Defendants leave to file a sur-reply and Defendants have been given an opportunity to address the timeliness of the removal. The instant situation surrounding the most recent removal attempt is clearly not one that complies with the spirit of the removal statute. Defendants have already failed on a removal attempt and this case has since progressed in the state court for the last four years. The removal statute was not intended to provide a Defendant with an escape route to federal court on the eve of a judgment in state court based upon the mere technicality that an amended complaint was filed in the state action. In addition to attempting to move the instant action to federal court, Defendants have already sought to have the

7

action dismissed despite the fact that the state court has allowed discovery and addressed motions to dismiss and a summary judgment motion. Defendants should not be allowed to utilize the removal statute for such gamesmanship. Defendants are also utilizing the removal process in order to attempt a second bite at the apple in regards to the removal issue by essentially proceeding on a motion for reconsideration of Judge Holderman's prior remand ruling four years after Judge Holderman issued the ruling. Such results clearly are not envisioned by the removal statute and would not result in the efficient administration of the federal or state court systems. Therefore, we find that the removal is untimely under 28 U.S.C. § 1446(b) and we grant the motion to remand.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to remand. We deny the motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 3, 2005